■ Selma Erey, Plaintiff, v Stresscon Industries et al., Defendants, JBF Construction, LLC, Respondent, and Terra Firma Construction Management, Appellant. [802 NYS2d 127]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered February 9, 2005, which, inter alia, denied the motion of defendant Terra Firma Construction Management for summary judgment on its claims for contractual and common-law indemnification from defendant-respondent JBF Construction, LLC, unanimously affirmed, without costs.

Summary judgment was properly denied since there are questions of fact as to the roles Terra Firma and JBF undertook in the supervision of work at the job site, and, in particular, in the purchase and installation of the concrete plank that allegedly caused plaintiff's injuries. Additionally, review of the contract between Terra Firma and JBF, and, in particular, paragraphs 12.2 (concerning JBF's indemnity obligations) and 12.3 (concerning whether the obligations undertaken by JBF can absolve other parties of liability for their negligence), does not lead to the conclusion that JBF's duties to indemnify were unconditional. Indeed, Terra Firma may not be indemnified if a breach of duty by it resulted in plaintiff's harm (*see* General

Obligations Law § 5-322.1). Concur—Mazzarelli, J.P., Saxe, Sweeny, Catterson and Malone, JJ.